1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS C.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C21-5651-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erroneously assessed residual functional capacity ("RFC") by failing to include a limitation in adapting to usual work stresses opined by examining psychiatrist Dr. Robert Sise, M.D., and psychological expert Dr. Ronald Houston, Ph.D. Dkt. 10, at 5. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 37 years old, attended school until ninth grade, and has worked in numerous positions, including as a construction worker. Tr. 37, 283. Plaintiff applied for benefits in December 2017, alleging disability as of June 2017. Tr. 282–84. After his applications were denied initially and on reconsideration, an ALJ conducted a May 2019 hearing and issued a July

2019 decision finding plaintiff to be not disabled. Tr. 16. In June 2019, the Appeals Council

vacated the decision and remanded to resolve: (1) the discrepancy between the assessed RFC and

the hypothetical posed to the vocational expert during the hearing; and (2) an inadequate

assessment of the claimant's mental work abilities in the RFC. Tr. 16. On remand, in a January

2021 decision the ALJ found that plaintiff had the severe impairments of multiple sclerosis,

migraines, left hand fatigue, depression, anxiety, and post-traumatic stress disorder ("PTSD").

Tr. 19. The ALJ assessed an RFC of light work with additional physical and mental restrictions,

including that plaintiff can perform semi-skilled tasks with a Specific Vocational Preparation

("SVP") level up to 4, and can have occasional interactions with co-workers and the public. Tr.

23. Although the ALJ determined that plaintiff could not perform any past relevant work, at step

five of the sequential analysis he found that plaintiff could still perform jobs that exist in

significant numbers in the national economy. Tr. 38–39. The ALJ therefore found plaintiff to be

not disabled. Tr. 39. As the Appeals Council denied plaintiff's request for review, the ALJ's

decision is the Commissioner's final decision. Tr. 1.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial

evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.

Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one

rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v.

Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff presents a single issue: whether the ALJ harmfully erred by assessing an RFC

that did not account for a limitation in adapting to usual work stresses opined by examining

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMSSING THE CASE WITH PREJUDICE - 2

1    psychiatrist Dr. Sise and psychological expert Dr. Houston. The Court finds that the ALJ

2    supported the RFC assessment with substantial evidence and did not harmfully err as a matter of

3    law.

4        In April 2018, examining psychiatrist Dr. Sise opined, "The claimant's ability to interact

5    with coworkers and superiors and the public and adapt to the usual stresses encountered in the

6    workplace is limited based on the claimant's interpersonal presentation." Tr. 894. Nonetheless,

7    Dr. Sise opined that plaintiff's prognosis "is somewhat fair and [his] condition will likely

8    improve in the next twelve months assuming optimal treatment." *Id.* In the May 2019 hearing,

9    psychological expert Dr. Houston agreed with Dr. Sise's opinion that plaintiff's "ability to

10   interact with coworkers and supervisors and the public, and adapt to the usual stresses

11   encountered in the workplace is limited based on the claimant's interpersonal presentation." Tr.

12   212. Dr. Houston clarified, however, that Dr. Sise "just says limited. He doesn't say to what

13   degree the limitation is." *Id.* Dr. Houston stated that there was no dispute that plaintiff had social

14   limitations that should be characterized as moderate, and referred to plaintiff's panic attacks and

15   their limitation on plaintiff's ability to concentrate as moderate limitations. Tr. 212–13.

16   Nonetheless, Dr. Houston concluded that from a mental impairment standpoint, plaintiff could

17   still sustain work. Tr. 209–10.

18       Plaintiff does not challenge the ALJ's RFC limitation to occasional social interactions

19   with co-workers and the public. Rather he argues that the ALJ should have also included a

20   limitation on the ability to adapt to the usual stresses encountered at the workplace. This

21   argument is unpersuasive. First, Dr. Sise never elaborated on the degree of the limitation such

22   that plaintiff cannot demonstrate that the ALJ, in accepting some of Dr. Sise's conclusions and

23   rejecting others, failed to adequately account for workplace stress in limiting plaintiff to semi-

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMSSING THE CASE WITH PREJUDICE - 3

skilled work and occasional interaction with co-workers and the public.[1] Second, Dr. Houston accepted Dr. Sise's characterization and opined that plaintiff nonetheless would be able to sustain work despite this moderate limitation on adapting to usual workplace stresses. The ALJ gave greater persuasive weight to Dr. Houston's expert testimony than he did to Dr. Sise's opinion. It is the ALJ's duty to resolve any ambiguities in the medical evidence and, in this case, it was reasonable for the ALJ to conclude that the assessed RFC adequately accounted for a moderate degree of difficulty in adapting to workplace stress given no medical source opined that exposure to stress would inhibit plaintiff's performance of work duties in any identifiable way. Tr. 33–34, 36–37; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence."). Third, Dr. Sise's own evaluation stated that he based plaintiff's difficulty in adapting to workplace stress (and limitation on social interactions) on "claimant's interpersonal presentation," i.e., how plaintiff presented himself at the examination. Tr. 895. Thus, the same reasons that the ALJ presented for discounting plaintiff's social limitations, plaintiff's ability to complete a normal workday/work week, and plaintiff's own symptom testimony apply with equal force to the opined limitation on workplace stress. The ALJ gave only partial weight to Dr. Sise's opinion because while it was consistent with plaintiff's ability to perform detailed, complex tasks and work duties consistently at a sufficient pace, plaintiff's strong performance on the testing portion of the examination, improvement with mental health treatment, and plaintiff's ability to demonstrate a normal mood and affect throughout the record; Dr. Sise's opinion was inconsistent

---

[1] That the ALJ addressed all of plaintiff's mental health constraints is demonstrated in the step five determination that "*even if* the claimant is limited to only unskilled work due to his mental health conditions," plaintiff still could perform a number of sedentary occupations. Tr. 39 (emphasis in original).

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMSSING THE CASE WITH PREJUDICE - 4

with plaintiff's ability to interact appropriately with medical/mental health professionals,

socialize with others, attend church, exercise in the gym, and perform under-the-table

construction work throughout 2019 and 2020. Tr. 33–34. Moreover, the ALJ noted that Dr. Sise

appeared to base much of plaintiff's ability to complete a workday/work week and to maintain

regular attendance on plaintiff's reported symptoms of multiple sclerosis—a medical condition

that was outside of Dr. Sise's expertise and examination that also saw dramatic improvement

with multiple sclerosis therapy. *Id.* These reasons constitute specific and legitimate reasons

supported by substantial evidence for presuming that the ALJ had fully accounted for the degree

of plaintiff's limitation on adapting to workplace stress within the assessed RFC.

Plaintiff cites four district court cases in support of his argument that rejecting workplace

stress limitations within an assessed RFC can constitute reversible error. Dkt. 10, at 6; *see Franz

v. Colvin*, 91 F. Supp. 3d 1200 (D. Or. 2015); *Lee v. Colvin*, 80 F. Supp. 3d 1137 (D. Or. 2015);

*Cottam v. Colvin*, 51 F. Supp. 3d 1038 (E.D. Wash. 2014); *Simpson v. Chater*, 908 F. Supp. 817

(D. Or. 1995). The Court finds these cases to be inapposite. In those instances, the ALJ

inappropriately rejected uncontradicted evidence that workplace stress would impede basic

workplace activities (*Cottam*), could cause decompensation (*Lee*), meant that the claimant could

not return to a specific high-stress environment without exacerbating other symptoms (*Simpson*),

or caused angry outbursts and tears that were borne out by daily activities and in the entirety of

the medical record (*Franz*). In contrast, here Dr. Sise and Dr. Houston never cited examples of

how plaintiff's difficulties in adapting to workplace stress would affect his functioning; Dr. Sise

concluded that plaintiff's prognosis was somewhat fair and would improve while Dr. Houston

opined that mental health limitations did not impede plaintiff's ability to perform work; and

1   plaintiff's claimed difficulties in adapting to workplace stress were undermined by the medical

2   record and his daily activities, including under-the-table work.

3        The Court finds that plaintiff has failed to demonstrate that the ALJ's decision to assess

4   an RFC that did not specifically refer to a limitation on adapting to usual work stresses was

5   unsupported by substantial evidence or marred by harmful legal error.

6                                      **CONCLUSION**

7        For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is

8   **DISMISSED** with prejudice.

9        DATED this 22nd day of February, 2022.

10

11   _____
     BRIAN A. TSUCHIDA

12   United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMSSING THE CASE WITH PREJUDICE - 6